IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON PAUL ARTHUR,

        Plaintiff,

vs.                                         No. 1:21-CV-513-JFR-LF

THE ROOSEVELT COUNTY BOARD OF
COUNTY COMMISSIONERS, and
THE ROOSEVELT COUNTY SHERIFF'S OFFICE,
MALIN PARKER, individually,
TIMOTHY J. GIBSON, individually, and
CHRISTIAN TOWNSEND, individually,

        Defendants.

## **JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26 (f), a meeting was held on July 1, 2021, and was attended by:

Eric D. Dixon
Attorney for Plaintiff

and

Daniel J. Macke
Attorney for Defendants

## **NATURE OF THE CASE**

Plaintiff brings a civil complaint for damages related to his arrest on October 16th, 2019 and his subsequent prosecution. Plaintiff brings claims of false arrest, false imprisonment, defamation, malicious abuse of process, all under State law, and unlawful arrest under 42U.S.C. §1983. Plaintiff also brings supervisory liability claims against the Board of County Commissioners and Sheriff Malin Parker.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None at this time.

Plaintiff should be allowed until August 16th, 2021 to move to amend the pleadings and until August 16, 2021 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15 (a).

Defendants intends to file: None at this time.

Defendants should be allowed until September 16, 2021 to move to amend the pleadings and until September 16, 2021 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: To those matters specifically admitted in the pleadings.

The parties further stipulate and agree that the law governing this case is: 42 U.S.C. § 1983, the United States Constitution; the New Mexico Tort Claims Act, as interpreted, and New Mexico common law.

## PLAINTIFF'S CONTENTIONS:

At the time of the events that form the basis of this law-suit, Mr. Arthur was the neighbor of Sophia and Jason Dunsworth in Roosevelt County, New Mexico. Mr. Arthur was arrested at his home and hand-cuffed on October 28th, 2019 for enticement of a child in violation of NMSA 1978 §30-9-1 and spent three days at the Roosevelt County Detention Center until he was arraigned on October 31st, 2019. There was absolutely no reason to suspect much less arrest Mr. Arthur for enticement of a

445390614c7a4a76

child because among other things in May, 2019 Mr. Arthur had given an interview to Defendants Townsend and Gibson denying that he engaged in any improper behavior and offered to take a lie-detector test; a "Safe House Interview" was conducted with the child finding no inappropriate behavior by Mr. Arthur; a search of Mr. Arthur's home in May 13th, 2019 did not find any evidence of criminal wrongdoing. After Mr. Arthur was arrested an interview of the complaining parents Dunsworth was conducted. On February 13th, 2020, Mr. Arthur's attorney wrote the prosecutor a letter stating that there was a "lack of evidence" and requesting dismissal. The Dunsworths were not able to testify as to what Mr. Arthur's intentions were. Despite the fact that there was absolutely no evidence, the matter was tried before a Roosevelt County Magistrate. A directed verdict was granted by the Roosevelt County Magistrate on July 16th, 2020. Mr. Arthur filed this claim for false arrest and imprisonment, defamation, malicious abuse of process, and supervisory liability.

**DEFENDANT'S CONTENTIONS**

Defendants deny Plaintiff's contentions and assert affirmative defenses, including judicial or quasi-judicial immunity, qualified immunity and sovereign immunity. The Defendants deny that Plaintiff was arrested unlawfully or that the charges were maliciously prosecuted or that process was abused. Defendants further deny that Defendants conduct was unlawful. At all times, Officers had probable cause. The search and arrest warrant affidavits were facially valid, approved by the District Attorney and signed by a Magistrate. There is no evidence that the charges or prosecution were supported by fraud or that exculpatory evidence was withheld. Finally, there was not a policy, practice or custom causing any civil rights violation, whether based on a theory of supervision inadequate training or other *Monell*-like theory, and there is no evidence to support a supervisory claim against Sheriff Parker, who otherwise had no personal involvement in this matter.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
> List all documents which you believe, at this time, will be exhibits at the trial.
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's witnesses:**

1.      Don Paul Arthur, c/o his attorney. He will testify regarding the allegations contained in the complaint, along with his damages.

2.      Amber Hamilton, 109 West 1st Street, Portales, New Mexico, 88130. She is the County Manager and will testify as to the policies and practices of the Sheriff's Department, including their complete lack of control of evidence.

3.      Malin Parker, 1700 North Boston Street, Portales, New Mexico, 88130. He is Roosevelt County Sheriff. He will testify as to the training and supervision of Defendants Gibson and Townsend along with his knowledge of the criminal prosecution of Mr. Arthur.

4.      Timothy Gibson, 1700 North Boston Street, Portales, New Mexico, 88130. He will testify regarding his investigation of Mr. Arthur along with his training and experience in investigating child enticement cases.

5.      Christian Townsend, 1700 North Boston Street, Portales, New Mexico, 88130. He will testify regarding his involvement in the investigation of Mr. Arthur along with his training and experience in investigating child enticement cases.

6.      David Meeks, 1700 North Boston Street, Portales, New Mexico, 88130. He will testify regarding his involvement in the investigation of Mr. Arthur along with his training and experience in investigating child enticement cases.

7.      Any witness identified by Defendant.

8.      Any witness identified in discovery.

9.      Any witnesses necessary for rebuttal, impeachment, or authentication.

**Plaintiff's Exhibits:**

1.    Any exhibit identified by Defendant.
2.    Any exhibit identified in discovery.
3.    Any exhibit necessary for rebuttal or impeachment
4.    Exhibits to depositions

**Plaintiff's Experts:** Experts have not been identified at this time. Although experts are not currently contemplated, experts, if any, will identified in accordance with the Court's order.

**Defendants' witnesses:**

1.    Malin Parker
      Portales, New Mexico
      c/o Daniel J. Macke
      8206 Louisiana Blvd. NE, Ste. A, Albuquerque, NM 87113
      (505) 308-8668

      Sheriff Parker is expected to testify concerning the allegations made against him in his individual and official capacities, as well as to any other matters within his personal knowledge.

2.    Timothy Gibson
      Portales, New Mexico
      c/o Daniel J. Macke
      8206 Louisiana Blvd. NE, Ste. A, Albuquerque, NM 87113
      (505) 308-8668

      Deputy Gibson will testify concerning his contact with the Dunsworth family and his investigation and observations of Plaintiff, the search warrant, and as to any other matters within his personal knowledge.

3.    Christian Townsend
      Portales, New Mexico
      c/o Daniel J. Macke
      8206 Louisiana Blvd. NE, Ste. A, Albuquerque, NM 87113
      (505) 308-8668

      Deputy Townsend will testify concerning his involvement in the investigation, including the search and arrest warrant affidavits, and as to any other matters within his personal knowledge.

4.    David Meeks
      Portales, New Mexico
      c/o Daniel J. Macke
      8206 Louisiana Blvd. NE, Ste. A, Albuquerque, NM 87113
      (505) 308-8668

      Deputy Meeks will testify concerning his involvement in the investigation, including the search warrant affidavit, the criminal trial and as to any other matters within his personal knowledge.

5. Any witness identified by Plaintiff.

6. Any witness identified in discovery.

7. Any witnesses necessary for rebuttal, impeachment, or authentication.

**Defendants Exhibits:**

1. MLP: ARTHUR 000001-000069 IPRA Vol. 1

2. MLP: ARTHUR 000070-000112 IPRA Vol. II

3. MLP: ARTHUR 000113-000140 IPRA Vol. III

4. MLP: ARTHUR 000141-000165 RCSO records I

5. MLP: ARTHUR 000166-000190 RCSO record II

6. MLP: ARTHUR 000191-000210 RCSO records III

7. MLP: ARTHUR 000211-000238 RCSO records IV

8. MLP: ARTHUR 000239-000255 RCSO records V

9. MLP: ARTHUR 000256-000257 RCSO records VI

10. MLP: ARTHUR 000258-000278 RCSO records VII

11. MLP: ARTHUR 000279-000291 Med File Don Paul Arthur Jr.

12. MLP: ARTHUR 000292-000327 Booking file Don Paul Arthur Jr.

13. MLP: ARTHUR 000328-000333 Lapel cam

14. Any exhibit identified by Plaintiff.

15. Any exhibit identified in discovery.

16. Any exhibit necessary for rebuttal or impeachment

17. Exhibits to depositions.

**Defendants Experts:**  Experts have not been identified at this time. Although experts are not currently contemplated, experts, if any, will be identified in accordance with the Court's order.

Discovery will be needed on the following subjects: Plaintiff's claims and damages and Defendants' defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26 (a) (2) due:

From Plaintiff(s) by October 18th, 2021.

From Defendant(s) by November 18th, 2021.

Supplementation under Rule 26 (e) due 30 days after discovery of material (*set time(s) or internal(s))*.

All discovery commenced in time to be completed by December 20, 2021. Discovery on*(issue for early discovery)* to be completed by N/A.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.).*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions in Limine, if necessary; Motions related to discovery, if necessary.

Defendant intends to file: Motion for Summary Judgment; Motion for Directed Verdict; Post-trial Motions, if necessary; Motions in Limine, if necessary; Motions related to discovery, if necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3-4 days.

_____ This is a non-jury case.

X_____ This is a jury case.

The parties request a pretrial conference 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery into Plaintiff's claims and damages.

## EXCEPTIONS

None.

APPROVED WITHOUT EXCEPTIONS

*Approved telephonically July 1, 2021*
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
eric@ericdixonlaw.net

-and-

Christian P. Christensen
Christian P. Christensen, LLC
421 South Avenue C #D,
Portales, New Mexico, 88130
(575) 226-5291
(575) 226-5292
cpclaw@yucca.net
*Attorneys for Plaintiff*

MACKE LAW & POLICY, LLC

/s/ Daniel J. Macke
Daniel J. Macke
Attorney for Defendants
8206 Louisiana Blvd. N.E. Ste. A
Albuquerque, New Mexico, 87113
(505) 308-8668
dan@mackelaw.com
*Attorneys for Defendants*